UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARCUS RASHAWN SMITH, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 7:19-cv-00046-AKK-HNJ |
| WARDEN B.H. ROMERO, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

On December 28, 2018, Petitioner Marcus Rashawn Smith ("Smith") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Subsequently, Smith sought to reserve the right to file an additional memorandum of law in support of his petition. Doc. 2. Then, on February 7, 2019, Smith moved to supplement his petition, doc. 4, which the magistrate judge granted on April 1, 2019, doc. 5 at 1. Accordingly, the court **DENIES** Smith's motion to reserve the right to file an additional memorandum of law as **MOOT**.

On April 1, 2019, the magistrate judge entered a report recommending the court summarily dismiss Smith's § 2241 petition. Doc. 5. Thereafter, Smith moved for an extension of time to file objections to the magistrate judge's report and recommendation. Doc. 6. Smith subsequently filed his objections, doc. 7, rendering his motion for an extension **MOOT**.

In his objections, Smith challenges the magistrate judge's conclusion that 28 U.S.C. § 2255 is Smith's exclusive remedy for challenging his convictions and sentence. Doc. 7. Smith restates his claim that the Bureau of Prisons lacks authority to lawfully detain him under the "Sentencing Reform [Act]/Comprehensive Crime Control Act," contending that he "is not currently detained by the BOP/DOJ in accordance with any of the foregoing cited provisions of law enacted by Congress and made in pursuance of the United States Constitution." *Id.* at 7 (capitalization and emphasis omitted). *See also id.* at 1, 4, 8. Smith argues he seeks release from an unlawful detention, rather than a motion to vacate, set aside, or correct his sentence under § 2255. *Id.* at 8.

Regardless of Smith's assertions to the contrary, his current petition attacks the legality of his sentence. As such, it is one that must be filed pursuant to 28 U.S.C. § 2255. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (recognizing that a collateral attack on the legality of a sentence must be brought as a motion to vacate under § 2255 rather than a petition for a writ of habeas corpus under § 2241); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005) (same). Indeed, the Eleventh Circuit has expressly concluded that § 2255 governs challenges to the legality of the imposition of a sentence, leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d

1348, 1351-52 (11th Cir. 2008); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990).

A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See McCarthen*, 851 F.3d at 1081. Here, Smith asserts his sentence, as originally imposed, did not comport with federal law. Rather than demonstrating the inadequacy of § 2255, Smith's arguments fall squarely within the realm of injuries § 2255 is designed to address. *See Darby*, 405 F.3d at 945 (§ 2255 provides relief to federal prisoners on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States"). Because Smith is attacking the validity of his convictions and the sentence imposed for those convictions, 28 U.S.C. § 2255 remains his exclusive remedy.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. In accordance with the recommendation, the court finds that the petition is due to be summarily dismissed. A separate order will be entered.

**DONE** the 26th day of April, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE